Successors of P. Millón & Co., Plaintiffs and Appellants, *v.* R. Caamaño and Manuel García, Defendants and Appellees.

No. 4090.   Argued January 26, 1927.—Decided February 25, 1927.

*José G. Torres* and *Carlos del Toro Fernández* for the appellant. *José A. Vargas* and *Luis Mercader* for the defendants.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action on a promissory note alleged by the plaintiff firm to have been made in its favor by the defendants severally.

The promissory note is copied in the complaint and defendants R. Caamaño and Manuel García, individually and under oath, denied its authenticity.   Plaintiff excepted to the answer of the defendants on the ground that it was ambiguous, unintelligible and uncertain.   The court overruled the exceptions as well as the motion to strike which the plaintiff filed in case its exceptions should be overruled.

Later the case came to trial, but the plaintiffs did not appear and the defendants moved for a judgment on the merits. The trial court acted accordingly, admitted the evidence introduced by the defendants and finally rendered judgment dismissing the complaint.

Section 192 of the Code of Civil Procedure reads:

"An action may be dismissed or a judgment of nonsuit entered in the following cases:

"1.—By the plaintiff himself, at any time before the trial, upon the payment of costs: Provided, a counter-claim has not been made or affirmative relief sought by the cross-complaint or answer of defendant.   If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the secretary to the defendant, who may have his action thereon.

*       *       *       *       *       *       *

"3.—By the court, when plaintiff fails to appear at the trial, and the defendant appears and asks for the dismissal."

In accordance with subdivision 3, what defendants should have prayed for and the court granted, on account of plaintiffs' default and in the absence of a counter-claim or cross-complaint, was a judgment of nonsuit instead of proceeding on the merits. Under these circumstances the court had no jurisdiction to render judgment on the merits, either in favor or against the plaintiff. 9 R.C.L. 209.

Another assignment of error by the plaintiff is that the demurrer to the answer was overruled. This was not error. Though the defendants' pleadings are somewhat obscure, it appears substantially therefrom that they denied the authenticity of the promissory note copied in the complaint, because, as they allege, the document that they signed under different conditions was a different one. It can be inferred from both answers that the real document was not demandable when the complaint was filed and defendant García signed it as a witness and not as a several debtor.

The judgment must be reversed and another of nonsuit entered against the plaintiffs, without special imposition of costs.